# Giuliano McDonnell & Perrone, LLP

**Long Island Office**

170 Old Country Road, Suite 608
Mineola, New York 11501
Tel:   (516) 214-8448
Fax:  (516) 414-7905

**New York City Office**

237 West 35th St, Suite 706
New York, New York 10001
Tel:   (646) 328-0120
Fax:  (646) 328-0121

www.gmplawfirm.com

**New Jersey Office**
2001 US Hwy 46
Suite 104
Parsippany, NJ 07054
Tel:  (973)-302-0120
Fax: (973)-302-0121

Reply to Long Island

*Florida Office*
6615 W. Boynton Beach Blvd.
No. 351

Boynton Beach, FL  33437
Tel:  (561) 337-8816
Fax: (561) 337-4653

September 13, 2017

**Via ECF:**
Hon. James L. Cott, U.S.M.J.
United States District Court – SDNY
500 Pearl Street, Courtroom 21D
New York, NY 10007

> Re:   Colonial Funding Network, Inc., v. McNider Marine, LLC,
>        et al., Docket No.: 17-cv-02644 (LGS)
>        Re: Joint Status Report - Discovery

Dear Judge Cott,

Our office, Giuliano McDonnell & Perrone, LLP, represents Ibis Capital Group, LLC ("Ibis"), and Retail Capital LLC ("Retail Capital") in this dismissed action.  We write to provide the Court with the Joint Status Report that requested by the Court for the upcoming September 15, 2017 status conference.

### COUNTERCLAIM DEFENDANTS' STATEMENT

It is important to note that all discovery that has taken place thus far is prior to issue being joined.  Judge Schofield is currently considering fully briefed pre-answer motions to dismiss addressing jurisdictional defenses, failure to state claims, and statute of limitations defenses.  Moreover, Judge Schofield is currently considering the fact that the action, which was between Colonial and the McNider Defendants, settled shortly after Judge Schofield issued the initial conference order.

**Initial Disclosures** - All parties have previously produced Rule 26 Initial Disclosures. The Rule 26 disclosures were completed at the end of July and early August.

**Interrogatories** - McNider served Yellowstone Capital, Retail Capital, Ibis, and Complete Business Solutions Group ("CBSG") with Interrogatory requests on June 26, 2017. Yellowstone served its responses on August 9, 2017. Retail Capital served its responses on September 12, 2017. Ibis served its responses on September 8, 2017. CBSG contends that the Interrogatory requests served by McNider are wholly duplicative of discovery between CBSG and McNider in an identical prior litigation between McNider and CBSG pending in Pennsylvania. Moreover, CBSG already filed a motion to stay this duplicative discovery. Judge Schofield has not yet issued a ruling on that application.

Retail Capital and Ibis each served McNider Interrogatory requests on September 12, 2017. McNider's responses to Ibis' and Retail Capital's Interrogatory requests are due on October 12, 2017.

**Document Demands** – McNider served Yellowstone Capital, Retail Capital, Ibis, and CBSG with Document Requests on July 5, 2017. Yellowstone served written responses on August 9, 2017, and expects to serve its initial document production before the conference scheduled for September 15, 2017. Ibis served its written responses and its document production, which included hundreds of pages of material, on September 8, 2017. Retail Capital served its written responses and its document production, which included hundreds of pages of material, on September 12, 2017. CBSG contends that the document requests served by McNider are wholly duplicative of discovery between CBSG and McNider in an identical prior litigation between McNider and CBSG pending in Pennsylvania. Moreover, CBSG already filed a motion to stay this duplicative discovery. Judge Schofield has not yet issued a ruling on that application.

Yellowstone served McNider with document demands on or about August 29, 2017. Ibis and Retail Capital each served McNider with document requests on September 13, 2017. McNider has not yet served responses or documents.

**Depositions** – McNider has served deposition notices. During a meet and confer, the parties discussed scheduling depositions. McNider contends that depositions should take place prior to issue being joined and prior to the completion of the first round of document discovery. Yellowstone, Ibis, Retail Capital, and CBSG all contend that depositions should not take place until after issue is joined and document discovery is complete. Depositions involving Yellowstone, Ibis, Retail Capital, CBSG, and McNider are expected to involve travel for witnesses and counsel between three to four different states (Michigan, New Jersey, New York, and possibly Alabama). The Counterclaim Defendants previously advised Judge Schofield that depositions would be premature, costly, and wasteful in the Status Report dated August 21, 2017. McNider voiced its disagreement with Counterclaim Defendants' position in the Status Report dated August 21, 2017.

**Non-Party Discovery** – Although the scope of discovery has not yet been defined by the joining of issue, the Counterclaim Defendants believe there will likely be at least a half dozen non-party depositions and more than a dozen non-party document subpoenas.

**Issues to Address at the Status Conference** – The parties believe it would be productive to address the following matters at the Status Conference on September 15, 2017: 1) deposition

scheduling and location planning, 2) the timing and procedure to address objections to document discovery and interrogatories, 3) non-party discovery scheduling, and 4) a settlement conference.

### MCNIDER'S STATEMENT

As an initial matter, McNider respectfully disagrees with the Counterclaim Defendants' opening representation to Your Honor that this action has been dismissed. *See* Order, dated June 28, 2017 ("The Clerk of Court is respectfully directed to re-open the case. Case Reopened").

McNider also disagrees with the Counterclaim Defendants' apparent implication above that Judge Schofield has somehow countenanced the Counterclaim Defendants' discovery conduct by the mere filing of a joint status report on August 21, 2017. At the time that this status report was filed, Judge Schofield had already referred all discovery disputes to Your Honor for resolution. In fact, Judge Schofield issued the Order of Referral on August 9, 2017, which was six days after McNider reported the following to the Court in its August 3, 2017 letter opposing CBSG's request for a stay:

> Coordinating discovery in this consolidated action is also important because it appears that there is going to be a fight every step of the way to obtain discovery from the MCA Defendants. Not one of the MCA Defendants timely served their initial disclosures as required by this Court's scheduling order, and every MCA Defendant failed to appear for their duly noticed depositions that were scheduled in July.[1]

McNider also disagrees that discovery should be stayed pending "joining of issue." Counterclaim Defendants have already made a request to stay this action pending resolution of the motions to dismiss and that request was denied. *See* ECF#'s 103, 105 ("(ORDER denying [103] Letter Motion for Discovery: Application DENIED. (HEREBY ORDERED by Judge Lorna G. Schofield)").

Finally, McNider disagrees with CBSG's contention that the discovery issued in this action is duplicative of the discovery issued in the Pennsylvania state court action. No discovery whatsoever has taken place in the Pennsylvania state court action. Either way, Judge Schofield has not granted CBSG's request for a stay, and thus, McNider respectfully submits that discovery should go forward unless and until Judge Schofield holds otherwise.

Thank you kindly for your Honor's attention to this matter. Please feel free to contact the undersigned if you have any questions, comments or concerns.

Very truly yours,

By: /s/ *Christopher R. Murray*
Christopher R. Murray, Esq.

---

[1] ECF# 133.

**CC via ECF:** (counsel for all parties)